UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT O. DINKINS, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1920 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.[1]

### Background

On July 8, 2015, a one-count indictment charged movant with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). United States v. Dinkins, Case No. 4:15-CR-314 CEJ (E.D. Mo.). Movant waived his right to a jury trial and requested a bench trial. At trial, the Court found movant guilty and subsequently sentenced him as an Armed Career Criminal to 180 months of imprisonment. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant argued that the District Court erred in finding him guilty of being a felon in possession of a firearm because he was legally justified in possessing the firearm to protect himself and the community from

---

[1]Also before the Court is a motion to proceed in forma pauperis. As no filing fee is required in an action brought pursuant to 28 U.S.C. § 2255, movant's motion to proceed in forma pauperis will be denied as moot.

imminent danger. On May 26, 2017, the Eighth Circuit Court of Appeals affirmed the judgment of the District Court. United States v. Dinkins, 688 F. App'x 408 (8th Cir. 2017).

Movant filed a motion to vacate his sentence on August 22, 2017. Dinkins v. United States, Case No. 4:18-CV-2296 CAS (E.D. Mo.). The Court denied and dismissed the motion to vacate on July 25, 2018. Id.

The Eighth Circuit denied movant's application to file a successive habeas petition on March 29, 2019. Dinkins v. United States, No. 18-3334 (8th Cir. 2019). Movant filed a second motion to vacate on June 11, 2019. Dinkins v. United States, 4:19-CV-1839 CAS. In his motion to vacate, movant alleged: (1) his counsel was ineffective for failing to raise a claim that his sentence was unconstitutional under Johnson v. United States, 135 S.Ct. 2551 (2015)[2]; (2) his predicate crimes under the Armed Career Criminal Act did not qualify as "crimes of violence" such that he should have received a Chapter Four Enhancement under the provisions of 18 U.S.C. § 924(e); and (3) in light of the aforementioned arguments he was innocent of the crimes he was convicted.[3] The Court denied movant's motion to vacate as successive and dismissed his action on June 27, 2019. Id.

**Discussion**

On July 8, 2019, movant filed a second motion to vacate. In the instant motion, movant asserts that the recent Supreme Court case of Rehaif v. United States, 139 S.Ct. 2191 (2019), allows for a new challenge to his conviction and sentence. He asserts that he is actually innocent of his crimes under Rehaif.

---

[2]Movant argued that his public defender should have litigated the applicability of his predicate offenses under the Armed Career Criminal Act.

[3]The Court noted in dismissing his application for relief that movant brought these arguments in his application to file a successive habeas petition in the Eighth Circuit Court of Appeals. Dinkins v. United States, No. 18-3334 (8th Cir. 2019).

The Supreme Court held in Rehaif that under § 922(g)(5)(A), a person "illegally or unlawfully in the United States," must know of both this status and his or her possession of a firearm to "knowingly violate [ ]" the ban in 18 U.S.C. § 922(g) on certain categories of persons possessing firearms. Justice Breyer's opinion for the majority of the Supreme Court reversed the Eleventh Circuit's holding that the "knowingly" element applied only to the possession of the firearm. 139 S.Ct. at 2194. Thus, the Supreme Court held, the word "knowingly" applies to the "possession element" in the statute, as well as the "status element." Id.

The Court has reviewed movant's Presentence Report and there is no indication that he was "illegally or unlawfully in the United States." Rather, he was reportedly born in Detroit, Michigan. Moreover, at trial, movant was already found guilty of "knowingly" being in possession of a firearm. Therefore, there is no indication that the recent Supreme Court case of Rehaif applies to him.[4]

Regardless, this Court is bound by the jurisdictional requirements in 28 U.S.C. § 2244(a) and § 2255(h). District courts may not entertain a second or successive motions to vacate unless they have first been certified by the court of appeals. The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief and this action must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis is **DENIED as moot**. [Doc. 2]

---

[4] The Court notes that there is no indication that Rehaif v. United States, 139 S.Ct. 2191 (2019) was made retroactively applicable on collateral review. See Teague v. Lane, 489 U.S. 288, 303 (1989).

**IT IS FURTHER ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED as successive**. [Doc. 1]

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel is **DENIED as moot**. [Doc. 3]

**IT IS FURTHER ORDERED** that movant's motion for service of process is **DENIED**. [Doc. 4]

**IT IS FURTHER ORDERED** that movant's request for the Court to take notice of the recent Supreme Court decision of Rehaif v. United States, 139 S.Ct. 2191 (2019) is **GRANTED**. The Court addressed movant's arguments herein.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of July, 2019.